UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH SCHNAKENBERG,<br>*Plaintiff*,<br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant*. | )<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)<br>)<br>) |

# COMPLAINT

## JURISDICTION and VENUE

1. The United States District Court has original jurisdiction of the claims as they are brought pursuant to the Federal Tort Claims Act for money damages as compensation for loss of property and personal injuries caused by the negligent and wrongful acts and omissions of employees of the United States of America. 28 U.S.C. § 1346.

2. The venue is proper in the Eastern Division of the District of Massachusetts as all or a substantial part of the acts forming the basis of this claim occurred in Middlesex County, Commonwealth of Massachusetts.

3. On or about February 9, 2021, Plaintiff Elizabeth Schnakenberg, pursuant to 28 U.S.C. § 2401(b) of the Federal Tort Claims Act, presented her claim by mailing Standard Form 95 with accompanying supporting documents to the appropriate party Torts Claims Coordinator.

4. Plaintiff mailed the Standard Form 95 to the Greater Boston District Tort Claims Unit for the United States Postal Service, 25 Dorchester Avenue, Boston, MA 02205.

5. Plaintiff mailed the Standard Form 95 to the Greater Boston District Tort Claims Unit for the United States Postal Service, within two years after the claim accrued. 28 U.S.C. § 2401(b).

6. Defendant, United States of America, by letter dated February 12, 2021, sent an Acknowledgement of Receipt of Plaintiff's Standard Form 95.

7. The Standard Form 95 outlined the circumstances of the collision and the injuries sustained by Plaintiff.

8. Defendant has failed to issue a final denial of Plaintiff's claim in writing and six (6) months has elapsed since the mailing of the Standard Form 95. Pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act, Plaintiff can at her option any time thereafter deem her claim denied.

9. This action is timely filed, as Plaintiff Elizabeth Schnakenberg filed her complaint within six (6) months of Plaintiff deeming her claim denied.

10. Plaintiff Elizabeth Schnakenberg is entitled to a jury-waived trial pursuant to the Federal Tort Claims Act provisions.

**PARTIES**

11. Plaintiff, Elizabeth Schnakenberg, is an individual who resides at 117 Sand Hill Road, in Groton, Middlesex County, Massachusetts, and thus is a resident of the Eastern Division of the District of Massachusetts.

12. The United States Postal Service is an independent establishment of the executive branch of the Government of the United States of America. 39 U.S.C. § 201.

13. On or about February 15, 2019, employees of the United States Postal Service failed to properly maintain the premises of the Groton, Massachusetts post office.

14. All acts were committed by any employee of the United States Postal Service acting within the scope of their employment at the time of the incident. Therefore any claim shall be deemed an action against the United States, and the United States shall be the party defendant. 28 U.S.C. § 2679 (d)(1).

## FACTS

15. The United States Postal Service owns a land parcel known as 80 Boston Road, Groton, Middlesex County, Massachusetts.

16. The United States Postal Service has continually owned 80 Boston Road from September 26, 1989, to the present date.

17. The United States Postal Service operates a post office on the premises of 80 Boston Road, Groton, Middlesex County, Massachusetts ("Groton Post Office").

18. The Groton Post Office premises includes a parking lot that is open and available for use by customers of the Groton Post Office.

19. As the Groton Post Office owner, Defendant United States of America owed a duty of reasonable care to all persons legally on the premises.

20. The duty of reasonable care includes the removal and/or treatment of snow and ice on the premises of the Groton Post Office, including all walkways, entrances/exits, and the parking lot.

21. The duty of reasonable care includes the duty to warn persons of hazards on the premises.

22. On or about February 15, 2019, Plaintiff Elizabeth Schnakenberg was legally on the premises for purposes of transacting business at the Groton Post Office.

23. Plaintiff Elizabeth Schnakenberg parked her car in the Groton Post Office parking lot, which was open and available for use by the post office customers.

24. The premises of the Groton Post Office had an accumulation of untreated snow and ice, making it unreasonably dangerous for walking.

25. The premises of the Groton Post Office, including the walkways and parking lot areas, were not reasonably cleaned or treated for snow and ice in violation of their duty of care.

26. The premises of the Groton Post Office did not have any barriers, signs, or warnings to alert Plaintiff Elizabeth Schnakenberg that the premises had an unreasonably dangerous accumulation of snow and ice in violation of their duty of care.

27. Defendant United States of America negligently monitored, inspected, and maintained the premises of the Groton Post Office, thereby allowing an unreasonably dangerous accumulation of untreated snow and ice.

28. Defendant United States of America negligently failed to warn Plaintiff Elizabeth Schnakenberg that the premises had an unreasonably dangerous accumulation of untreated snow and ice.

29. Plaintiff Elizabeth Schnakenberg was in the exercise of due care at all relevant times.

30. At approximately 10:55 a.m., Plaintiff Elizabeth Schnakenberg was exiting the Groton Post Office returning to her vehicle in the parking lot.

31. As Plaintiff Elizabeth Schnakenberg attempted to return to her vehicle located in the post office parking lot, she slipped and fell on the unreasonably dangerous and untreated snow and ice accumulation.

32. Plaintiff Elizabeth Schnakenberg slipped and fell as a direct and proximate result of the Defendant United States of America's negligence in failing to monitor, inspect, and maintain the premises of the Groton Post Office.

33. Plaintiff Elizabeth Schnakenberg slipped and fell as a direct and proximate result of the negligence of the Defendant United States of America in failing to have any barriers, signs, or warnings to alert Plaintiff Elizabeth Schnakenberg that the premises had an unreasonably dangerous accumulation of snow and ice.

34. Plaintiff Elizabeth Schnakenberg struck her head and right shoulder and could not move or get off the ground.

35. Groton Police Officer Gordon Candow and emergency medical services of the Groton Fire Department arrived at the scene.

36. Officer Candow notes in his report that the "ground was covered in ice" making "it difficult to maintain my footing because it was so slippery".

37. Officer Candow also reported that he "did not notice any recent treatment to the ground".

38. Groton Fire Department transported Plaintiff Elizabeth Schnakenberg to the Nashoba Valley Medical Center.

39. X-rays taken at the hospital revealed that she had three fractures of her right shoulder, including a comminuted fracture through the proximal humerus, a transverse fracture of the surgical neck of the humerus, and a vertical fracture through the greater tubercle.

40. Treatment of the fractures required an open surgical reduction and internal fixation with the placement of an intramedullary cage, plate, and multiple screws.

41. Plaintiff Elizabeth Schnakenberg has incurred over $65,000.00 in medical expenses, permanent scarring, and permanent impairment of her shoulder, including loss of motion and strength.

## COUNT I
**(Negligence)**

42. Plaintiff Elizabeth Schnakenberg realleges and incorporates by reference all of the preceding paragraphs of this complaint.

43. As a direct and proximate result of the negligence of the Defendant United States of America, in failing to monitor, inspect and maintain the premises of the Groton Post Office, Plaintiff Elizabeth Schnakenberg suffered significant personal injuries. She has suffered and will continue to suffer great pain of body and anguish of mind; her ability to

work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been incurred expenses for continued medical care and treatment, and her ability to enjoy a normal life has been adversely affected.

44. WHEREFORE, the Plaintiff, Elizabeth Schnakenberg, demands judgment and prays for relief against Defendant United States of America as follows:

    1. An award of compensatory damages for her injuries to be determined at trial.
    2. An award of interest, costs, and reasonable attorney's fees.
    3. Such other and further reasonable relief as the Court deems just and fair.

## COUNT II
### (Failure to Warn)

45. Plaintiff Elizabeth Schnakenberg realleges and incorporates by reference all of the preceding paragraphs of this complaint.

46. As a direct and proximate result of the negligence of the Defendant United States of America, in failing to have any barriers, signs, or warnings to alert Plaintiff Elizabeth Schnakenberg that the premises had an unreasonably dangerous accumulation of snow and ice, she suffered significant personal injuries. She has suffered and will continue to suffer great pain of body and anguish of mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; she has been incurred expenses for continued medical care and treatment; and her ability to enjoy a normal life has been adversely affected.

47. WHEREFORE, the Plaintiff, Elizabeth Schnakenberg, demands judgment and prays for relief against the defendant, United States of America, as follows:

1. An award of compensatory damages for her injuries to be determined at trial.

2. An award of interest, costs, and reasonable attorney's fees.

3. Such other and further reasonable relief as the Court deems just and fair.

Respectfully submitted,

Plaintiff, Elizabeth Schnakenberg,
By her attorneys,


/s/ Michael D'Isola
_____
Michael M. D'Isola, BBO No. 548279
Jeffrey S. Glassman, BBO No. 559112
mdisola@jeffreysglassman.com
jeff@jeffreysglassman.com
Law Offices of Jeffrey S. Glassman, LLC
One International Place, Suite 1810
Boston, MA  02110
Dated: March 25, 2022         Tel. (617) 777-7777